IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CONNIE O'REAR, et al., )
)
        Plaintiffs, )
)
v. ) No. CIV-09-1180-L
)
AMERICAN GENERAL )
ASSURANCE COMPANY, et al., )
)
        Defendants. )

# **O R D E R**

On October 28, 2009, plaintiffs filed this action seeking damages for breach of contract, fraud, and bad faith by defendant American General Assurance Company ("American General"). The complaint also seeks relief from defendant Select Portfolio Servicing, Inc. ("Select") based on claims of conversion, interference with contract, violation of 36 O.S. § 3604, and unjust enrichment. In addition, plaintiffs seek a judgment declaring that Select is not entitled to defend against the substantive counts in the complaint because it is a suspended corporation under Oklahoma law.

This matter is before the court on Select's motion to dismiss the substantive claims against it for failure to state a claim.[1] Rule 8 of the Federal Rules of Civil

---

[1] Plaintiffs contend Select's motion should be denied as it was filed out of time without leave of court while Select was in default. Plaintiffs are correct that Select was in default when it filed the motion to dismiss and that it did so without seeking leave of court to extend the time to answer or otherwise respond to plaintiffs' complaint. The principal aim of the Federal Rules of Civil Procedure is to encourage and "to secure the just, speedy, and inexpensive determination of every action".

Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Nonetheless, a complaint must also be specific enough to "give defendants notice of the theory under which their claim is made."  Robins v. Oklahoma, 519 F.3d 1242, 1249 (10th Cir. 2008).  A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint.  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[2]  A complaint should not be dismissed for failure to state a claim unless it fails to contain sufficient factual allegations "to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In assessing whether a claim is plausible, the court must construe the complaint in the light most favorable to the plaintiff and must presume all factual allegations to be true.  Id. at 1965; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

> As the Court held in *Twombly*, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-

---

Fed. R. Civ. P. 1.  Resolution of cases on their merits is preferable to dispositions based on procedural defects.  The court notes that entry of default had not been entered as to Select when it filed the motion to dismiss and that the motion was filed within the time frame granted by plaintiffs' counsel for responding to the complaint.  That there is a disagreement between counsel as to the scope of their agreement is unfortunate, but the court finds the motion to dismiss is proper as it was filed before Select filed its answer.  The court will therefore address the motion on its merits.

[2]Sutton v. Utah State Sch. for Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999) (*quoted with approval in* Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 130 S. Ct. 1142 (2010)).

> defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citations omitted). In assessing whether a complaint complies with the pleading requirements, the court may consider documents referred to in the complaint if those documents are central to plaintiff's claims and the parties do not dispute their authenticity. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007).

Based on these standards, the court grants Select's motion to dismiss the conversion and statutory violation claims as these claims fail as a matter of law. Plaintiffs' conversion claim is based on Select's cashing a check issued by American General pursuant to a group accidental death insurance policy on the life of Izetta Deramus. Complaint at ¶¶ 5, 14, 40. According to the complaint, the policy required that American General pay the beneficiary a sum equal to the current outstanding principal balance of a mortgage loan Ms. Deramus executed in 2002 should she die as a result of accidental bodily injury. Id. at ¶ 5. Plaintiffs, as the personal representatives of the estate of Ms. Deramus, contend the insurance proceeds should have been paid to the estate, not Select. Id. at ¶¶ 15-21. Even assuming the truth of plaintiffs' allegations, the court finds they are not sufficient to state a claim for conversion. Under Oklahoma law, conversion is defined as "any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with

3

his rights therein." Welty v. Martinaire of Oklahoma, Inc., 867 P.2d 1273, 1275 (Okla. 1994). An action for conversion will not lie to recover a debt; rather, only tangible personal property can be converted. Id.; Shebester v. Triple Crown Insurers, 826 P.2d 603, 608 (Okla. 1992). Plaintiffs' claim is that Select has improperly retained monies that are owed to them. As they are seeking to recover money, the court finds they have not stated a claim for conversion under Oklahoma law.[3] See Shebester, 826 P.2d at 608.

Plaintiffs' statutory claim is based on Oklahoma's insurable interest statute, 36 O.S. § 3604. Plaintiffs contend Select did not have insurable interest in Ms. Deramus' life because it was not the holder of the note or mortgage giving rise to the accidental death insurance policy. Complaint at ¶¶ 16, 48. Citing 36 O.S. § 3604(B), plaintiffs contend they may therefore recover the insurance proceeds paid to Select. Plaintiffs' argument, however, fails to recognize that under Oklahoma law an insured may procure insurance on her own life and name any person as a beneficiary regardless of whether that person possesses an insurable interest in the life of the insured. 36 O.S. § 3604(A); Continental Cas. Co. v. Brightman, 437 F.2d 67, 68 (10th Cir. 1971) (*per curiam*). As the complaint alleges Ms. Deramus

---

[3]As the court has granted the motion to dismiss the conversion claim, it need not address Select's motion to dismiss the prayers for loss-of-use and emotional distress damages as they relate to that claim. Select did not, however, seek to dismiss plaintiffs' prayer for loss-of-use damages with respect to the unjust enrichment claim. The court, therefore, expresses no opinion as to whether plaintiffs may recover loss-of-use damages pursuant to that claim.

4

procured the insurance herself[4] and there are no allegations Select procured or caused the insurance to be procured, plaintiffs cannot state a claim for violation of Oklahoma's insurable interest statute. Count VII of the complaint is therefore dismissed.

As plaintiffs concede that "no interference with contract theory is currently available",[5] the court also grants Select's motion to dismiss Count VI of the complaint. The court, however, denies Select's motion to dismiss plaintiffs' unjust enrichment claim. Plaintiffs are permitted under the rules to plead alternative claims for relief as long as they do obtain double recovery for the same harm. *See* Fed. R. Civ. P. 8(a)(3).

In sum, the Motion to Dismiss by Defendant Select Portfolio Servicing, Inc. (Doc. No. 13) is GRANTED in part and DENIED in part.

It is so ordered this 23rd day of June, 2010.

*/s/ Tim Leonard*
TIM LEONARD
United States District Judge

---

[4]Complaint at ¶ 5.

[5]Plaintiffs' Brief in Opposition to the Motion to Dismiss of Defendant Select Portfolio, Inc. at 30 n.6 (Doc. No. 21).